UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, SIMS, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant First Class CRYSTAL Y. LLOYD
 United States Army, Appellant and Petitioner

 ARMY 20090842

 U.S. Army Combined Arms Support Command and Fort Lee
 Denise Lind, Military Judge
 Colonel Paul E. Kantwill, Staff Judge Advocate

For Petitioner: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Captain A. Jason Nef, JA; Captain Richard M. Gallagher, JA
(Petition for New Trial); Colonel Mark Tellitocci, JA; Lieutenant Colonel
Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M.
Gallagher, JA (on brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel
Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M.
Gallagher, JA (on reply brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA;
Captain Edward J. Whitford, JA (Answer to Petition for New Trial); Colonel
Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Ellen S.
Jennings, JA; Captain Edward J. Whitford, JA (on brief).

 19 May 2011

----------------------------------------------------------------------------
 ----------------
 SUMMARY DISPOSITION AND ACTION ON PETITION FOR NEW TRIAL
----------------------------------------------------------------------------
 ----------------

TOZZI, Senior Judge:

 On 15-17 September 2009 an enlisted panel sitting as a general court-
martial convicted petitioner, contrary to her pleas, of making a false
official statement (five specifications), larceny (two specifications), and
frauds against the United States (three specifications), in violation of
Articles 107, 121, and 132, Uniform Code of Military Justice [hereinafter
UCMJ], 10 U.S.C. §§ 907, 921, and 932 (2008). The convening authority
approved the adjudged sentence of reduction to the rank of Private E1, six
months of confinement, and a bad-conduct discharge.

 This case is before our court for initial review pursuant to Article
66, UCMJ. Contemporaneously with her Article 66 pleadings, petitioner
filed a Petition for a New Trial, in accordance with Rule for Courts-
Martial (R.C.M.) 1210, based on newly discovered evidence, specifically
that the divorce decree used as evidence in her court-martial to prove her
crimes (which centered upon wrongfully receiving dependent-based benefits
by misrepresenting that she was married) was subsequently voided by a
civilian court on 1 December 2010.

 For the reasons below, the Petition for New Trial is granted.

 BACKGROUND

 In July 1991, petitioner married Mr. JL in Germany while both were
serving in the United States Army. In March 1997, after petitioner was
assigned to Fort Totten, New York, petitioner and Mr. JL (who had since
left the Army) physically separated and never again lived together. In
April 2000, petitioner was reassigned from Fort Totten to Yongsan, Republic
of South Korea, where she remained stationed until November 2007. In
February 2002, Mr. JL filed a complaint for divorce in Baltimore City
Circuit Court (“Circuit Court”), but the complaint and summons were twice
returned as undelivered following certified mailing to what Mr. JL had
asserted was petitioner’s last known address. As part of his pleadings in
Circuit Court, Mr. JL submitted a signed affidavit attesting petitioner was
not serving in the military. Ultimately, the Circuit Court granted Mr.
JL’s motion for alternate service by posting the summons and complaint on a
bulletin board at the courthouse door. In August 2002, the Circuit Court
issued a default order against petitioner (Prosecution Exhibit (PE) 9),
followed by a final divorce decree in November 2002 (PE 8).

 From May 2004 until November 2007, while stationed in South Korea,
petitioner received military benefits valued at nearly $135,000.00 based on
her claim that she was married to Mr. JL. Petitioner began a new
assignment at Fort Lee, Virginia in December 2007. From her arrival at
Fort Lee until August 2008, petitioner received nearly $3,600.00 in
entitlements based on her continued representation that she was married to
Mr. JL.

 In September 2009, petitioner was convicted of all charges and
specifications. During her trial, the government presented PE 8 as
evidence petitioner made false official statements on various official
forms when she claimed she was married to Mr. JL, and that she illegally
received dependent-based benefits as a result.

 On 1 December 2010, the Circuit Court issued an order vacating the
November 2002 divorce decree.

 LAW AND DISCUSSION

 Rule for Courts-Martial 1201(f)(2) states that a new trial shall not
be granted unless petitioner demonstrates:

 (A) The evidence was discovered after the trial;
 (B) The evidence is not such that it would have been discovered
 by the petitioner at the time of trial in the exercise of due
 diligence; and
 (C) The newly discovered evidence, if considered by a court-
 martial in the light of all other pertinent evidence, would
 probably produce a substantially more favorable result for the
 accused.

See also Article 73, UCMJ. Petitions for new trial “are generally
disfavored,” and should be granted “only if a manifest injustice would
result absent a new trial.” United States v. Brooks, 49 M.J. 64, 68
(C.A.A.F. 1998) (quoting United States v. Williams, 37 M.J. 352, 356
(C.M.A. 1993).

 We conclude petitioner has carried her burden under R.C.M. 1210.
Regardless of her reputation as a single person or her election to file
taxes under a “single” status, petitioner was legally married to Mr. JL at
all times relevant to the disposition of this case. Prosecution Exhibit 8
was the sina qua non of the prosecution’s case; however, the complaint and
summons were never properly served on petitioner, and Mr. JL’s attempts at
serving petitioner included submitting an affidavit to the Circuit Court
that failed to acknowledge petitioner was on active duty in the military.
Petitioner exercised due diligence by filing her motion to vacate the
divorce decree on 11 September 2009, prior to her trial. Additionally,
petitioner has complied with the requirements of Article 73, UCMJ, which
require a Petition for New Trial be submitted anytime within two years of
the convening authority’s approval of the court-martial sentence.

 CONCLUSION

 For the foregoing reasons, the Petition for New Trial is GRANTED.
The approved findings of guilty and sentence are set aside and a new trial
may be ordered. All rights, privileges, and property, of which petitioner
has been deprived by virtue of her sentence being set aside by this
decision, are ordered restored. See UCMJ, arts. 58b(c) and 75(a).

 Judge SIMS and Judge GALLAGHER concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court